UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
COBIE-RAY JOHNSON, on behalf of herself, individually, and all similarly situated persons,

Plaintiff,

-against-

HUDSON GASTROPUB LLC d/b/a THE WARREN, DIMITRI LIBERIS and PREMETESH CHATOO,

Defendants.
----------------------------------------------------------------------X

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff, Cobie-Ray Johnson, on behalf of herself, individually, and all other similarly situated persons, by and through her counsel, the Romero Law Group PLLC and Shehan Legal, PLLC, complaining of the Defendants, Hudson Gastropub LLC d/b/a The Warren, Dimitri Liberis and Premetesh Chatoo (collectively as "Defendants" or "The Warren"), allege as follows:

## NATURE OF THE CLAIM

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), to recover unpaid minimum wages under the NYLL, unlawfully retained tips and gratuities under the NYLL, for unlawful deductions from wages earned under NYLL § 193, for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon her hire under NYLL § 195(1), for unjust enrichment and conversion under New York common law, and retaliation under the FLSA, NYLL and NYLL § 740, and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL and New York common law on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

6. At all relevant times, Plaintiff Cobie-Ray Johnson ("Plaintiff") is a resident of the County of New York, State of New York.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), NYLL § 190(2), (4) and NYLL § 740(1)(a).

8. At all relevant times, Defendant Hudson Gastropub LLC d/b/a The Warren is and was a domestic limited liability company with its principal place of business at 131 Christopher Street, New York, New York 10014.

9. At all relevant times, Defendant Hudson Gastropub LLC d/b/a The Warren was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10. At all relevant times, Defendant Hudson Gastropub LLC d/b/a The Warren was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3) and NYLL § 740(1)(b).

11. At all relevant times, Defendant Hudson Gastropub LLC d/b/a The Warren employed more than eleven employees at any given time.

12. At all times relevant, Defendant Dimitri Liberis was an owner, principal and/or officer for Defendant Hudson Gastropub LLC d/b/a The Warren, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, and did terminate Plaintiff's employment, had authority to make all personnel decisions, was responsible for

maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

13. At all times relevant, Defendant Premetesh Chatoo was an owner, principal and/or officer for Defendant Hudson Gastropub LLC d/b/a The Warren, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

## FACTS

14. Defendants are a company and its owners that operate a gastropub serving New American and fine dining cuisine, bar fare and alcohol at its restaurant, located at 131 Christopher Street, New York, New York 10014.

15. Defendants employed Plaintiff from on or about May 9, 2024 through on or about January 3, 2025 as a bartender.

### Defendants' Wage Violations

16. Throughout her employment, Plaintiff regularly worked between four or five days, or sometimes even more days, per workweek.

17. Throughout her employment, Plaintiff regularly worked eight hours, or sometimes even more hours, during each workday.

18. Throughout her employment, from time to time, Plaintiff worked a double shift on some of her workdays, during which Plaintiff would typically work between 12 and 14 hours per workday, or sometimes even more hours during these days.

19. Accordingly, during this period of her employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours during certain workweeks.

20. During in or about June 2024, Plaintiff repeatedly worked between six or seven days per workweek.

21. During in or about June 2024, Plaintiff regularly worked eight hours, or sometimes even more hours, during each workday.

22. During in or about June 2024, from time to time, Plaintiff worked a double shift on some of her workdays, during which Plaintiff would typically work between 12 and 14 hours per workday, or sometimes even more hours during these days.

23. Accordingly, during in or about June 2024, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours during nearly all of these workweeks.

24. Throughout her employment, Defendants paid Plaintiff an hourly rate of pay.

25. However, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

26. Throughout her employment, Defendants failed to provide Plaintiff with compliant written notice under the NYLL, or compliant written or oral notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

27. Throughout her employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed equally to Plaintiff and other employees, including, *inter alia*, servers, bussers, bartenders, and hosts.

28. During her employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff and other tipped employees in that Defendants frequently permitted Defendant Dimitri Liberis – an owner and exempt manager – to participate and share in the distribution of tips and gratuities intended for tipped employees.

29. During in or about September 2024 until at least the end of Plaintiff's employment on or about January 23, 2025, Defendant Liberis frequently and improperly participated in and received tips and gratuities through Defendants' tip pool in the same amounts as an hourly-paid, tipped employee.

30. As such, during in or about September 2024 until at least the end of Plaintiff's employment on or about January 23, 2025, Defendants, through Defendant Liberis, unlawfully retained tips and gratuities owed to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL and New York common law.

31. Throughout her employment, Defendants further operated and imposed an unlawful tip pool upon Plaintiff and other tipped employees in that Defendants frequently permitted its hosts to participate and share in the distribution of tips and gratuities intended for tipped employees.

32. Throughout her employment, Defendants' hosts were paid a regular hourly rate of pay that was at or above the applicable NYLL minimum wage rate.

33. Throughout her employment, Defendants' hosts were paid an hourly rate of pay that was not subject to a tip credit deduction for each hour that they worked and, as a result,

Defendants' hosts were not paid at a reduced hourly rate of pay below the NYLL minimum wage and were not paid as tipped employees.

34. Throughout her employment, Defendants' hosts improperly participated in and received tips and gratuities through Defendants' tip pool in the same amounts as a tipped employee, despite the fact that the hosts were not performing, or assisting in performing, personal service to patrons as a principal and regular part of their duties and were not being paid at a reduced hourly, tipped rate of pay.

35. As such, Defendants unlawfully deprived Plaintiff and other tipped employees of compensation in the form of tips and gratuities owed to them through these practices, in violation of the FLSA, NYLL and New York common law.

36. Throughout her employment, Defendants frequently deducted sums from tips and gratuities – a form of wages – contributed to Defendants' tip pool which were tips and gratuities earned by and owed to Plaintiff and other tipped employees by improperly retaining and distributing those funds to Defendant Liberis and Defendants' hosts.

37. Thus, throughout her employment, Defendants deducted from and/or failed to remit Plaintiff's and other tipped employees' earned wages that were owed in the form of tips and gratuities, resulting in unlawful deductions, either directly or by separate transaction, to Plaintiff's and other tipped employees' earned wages that were not required by law or regulation, and were not authorized by Plaintiff and other tipped employees and were not for their benefit, in violation of NYLL § 193 and New York common law.

38. Throughout her employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

39. Worse still, throughout her employment, Defendants wholly failed to record the amount of cash tips and gratuities received by Plaintiff and other tipped employees.

40. Despite these unlawful practices, throughout her employment, Defendants paid Plaintiff and other tipped employees at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

41. Despite being required to regularly work in excess of forty hours during many of her workweeks, Defendants paid Plaintiff at an incorrect overtime rate of pay by instead paying Plaintiff at her straight-time, regular rate of pay – in an amount that was below even the applicable NYLL minimum wage – for all of her hours worked during each workweek, including her hours worked in excess of forty hours during a single workweek.

42. By way of example, during the workweek of June 3, 2024 through June 9, 2024, Defendants required Plaintiff to work 50.50 hours and paid her at a rate of $9.00 per hour for all hours worked, without an overtime premium; during the workweek of June 10, 2024 through June 16, 2024, Defendants required Plaintiff to work 49 hours and paid her at a rate of $9.00 per hour for all hours worked, without an overtime premium; and during the workweek of June 24, 2024 through June 30, 2024, Defendants required Plaintiff to work 55 hours and paid her at a rate of $9.00 per hour for all hours worked, without an overtime premium.

43. As a result, throughout her employment, Defendants failed to pay Plaintiff at her statutorily-mandated overtime rate of pay of at least one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty during her workweeks, in violation of the FLSA and NYLL.

44. Throughout her employment, Plaintiff also worked certain daily shifts that exceeded ten hours per day from its start to its finish. However, Defendants failed to pay Plaintiff

spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

45. Throughout her employment, Defendants failed to provide written notice to Plaintiff upon her hire in her primary language – or at all – of her rates of pay and other information required by NYLL § 195(1).

46. Throughout her employment, Defendants failed to furnish Plaintiff with accurate statements of her wages earned, including, *inter alia*, her correct regular and overtime rates of pay, her correct amount of regular and overtime hours worked, her spread of hours compensation, and her correct amount of tips and gratuities received, gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

47. By failing to provide Plaintiff with a wage notice meticulously detailing Plaintiff's hourly rates upon her hire, as well as by failing to record her actual amount of tips and gratuities received for each workweek as required by NYLL §§ 195(1) and (3) and the related New York State Department of Labor Regulations, and by failing to provide other accurate and/or complete information under these requirements, such as failing to provide accurate wage statements (i.e. paystubs), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether she had been underpaid for her proper straight-time, regular hourly wages, overtime compensation, spread of hours compensation, or been correctly paid for all tips and gratuities earned, throughout her employment.

48. Because Plaintiff worked without the accurate and complete information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages, tips and gratuities that she was entitled to receive, assess the manner in which her wages were calculated, and determine that she had been underpaid every workweek, which caused Plaintiff to

suffer unpaid wages throughout her employment and causing her to suffer underpayments longer than she would have if a compliant – or any – wage notice and/or a complaint or accurate wage statements had been provided.

49. With no way to know how much Plaintiff should have been making or receiving in wages, tips and gratuities, Plaintiff worked throughout her employment without discovering how much she had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

50. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the wages earned by and paid to Plaintiff, failing to pay Plaintiff in accordance with her actual hours worked, failing to pay wages at least equal to the NYLL minimum wage rate of pay, failing to pay proper overtime wages in accordance with her hours worked, failing to pay spread of hours compensation under the NYLL, permitting its owner and manager Defendant Liberis and Defendants' hosts to retain tips and gratuities from the employee tip pool earned by and owed to Plaintiff and other tipped employees, intentionally failing to accurately record tips and gratuities received by Plaintiff and other tipped employees, unlawfully deducting and/or failing to remit earned wages in the form of tips and gratuities to Plaintiff, and failing to provide compliant tip credit notices under the FLSA and NYLL.

51. Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

52. Plaintiff, Class Members and FLSA Collective Action Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

**Defendants' Unlawful Retaliation Against Plaintiff**

53. Defendants unlawfully retaliated against Plaintiff by terminating her employment and engaging in harassment of Plaintiff after engaging in protected activity under the FLSA, NYLL and NYLL § 740.

54. Beginning in or about September 2024, Defendant Liberis, an owner and manager for Defendants, began to frequently participate in and receive tips and gratuities through Defendants' tip pool in the same amounts as an hourly-paid, tipped employee.

55. Soon thereafter, in or about September or October 2024, Plaintiff objected to Defendants, through one of its managers, regarding Defendant Liberis' participation in and receipt of tips and gratuities from Defendants' tip pool, as Defendant Liberis is not permitted to receive tips and gratuities under the FLSA and NYLL. This complaint constitutes protected activity under the FLSA, NYLL and NYLL § 740.

56. In response, during that same conversation, Defendants disregarded Plaintiff's complaint.

57. Appallingly, following her complaint, Defendant Liberis actually began to participate in and receive tips and gratuities through Defendants' tip pool in the same amounts as an hourly-paid, tipped employee even more frequently, thereby worsening the extent of Defendants' theft of tips and gratuities.

58. On or about January 22, 2025, Plaintiff again confronted and objected to Defendant Liberis regarding his participation in and receipt of tips and gratuities from Defendants' tip pool, and asked Liberis to explain why an owner and manager of the restaurant was receiving tips and gratuities from Defendants' tip pool that were intended for hourly-paid, tipped employees. This complaint constitutes protected activity under the FLSA, NYLL and NYLL § 740.

59. In response on that same day, on or about January 22, 2025, Defendant Liberis became upset and frustrated at Plaintiff for her complaint, rejected her complaints, and stated, in sum and substance, that he "can take as much tips as I want", "I am the owner", and there are "no rules for me."

60. Just fifteen hours later, on or about January 23, 2025, Defendants, through Defendant Liberis, summarily terminated Plaintiff's employment as a direct result of her protected activity, in violation of the FLSA, NYLL and NYLL § 740.

61. Just days later, on or about January 27, 2025, Plaintiff asked Defendant Liberis why Defendants terminated her employment.

62. In response, on that same day on or about January 27, 2025, Defendant Liberis stated, in sum and substance, that Plaintiff was fired for "disrespecting him by asking about tips."

63. Around the time of her termination, Defendants, through another manager, openly disparaged Plaintiff to other employees – apparently to make an example of Plaintiff and intimidate its other employees – and claimed that Plaintiff was fired for complaining regarding the distribution tips and gratuities.

64. Defendants have repeatedly engaged in retaliation against its staff for challenging their unlawful wage and hour practices. Indeed, Defendants have terminated at least one other employee who similarly complained about Defendants' unlawful practices regarding the distribution of tips and gratuities.

65. Based on the foregoing, Defendants repeatedly and callously retaliated against Plaintiff for engaging in protected activity, in violation of the FLSA, NYLL and NYLL § 740.

## COLLECTIVE ACTION ALLEGATIONS

66. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

67. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interests in in bringing this action.

68. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, runners, bartenders or bar employees, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

69. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully

deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

70. Plaintiff brings the Second through Tenth Claims for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, runners, bartenders or bar employees, and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

71. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

72. The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

73. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

74. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(d) Whether Defendants unlawfully made deductions to Plaintiff's and Class Members' wages, tips and gratuities, either directly or by separate transactions, for the benefit of Defendants and/or without authorization of Plaintiff or the Class Members;

(e) Whether Defendants failed and/or refused to pay, retained and/or failed to remit tips and gratuities due to the Plaintiff and Class Members, in violation of the NYLL and/or New York common law;

(f) Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiff and Class Members;

(g) Whether Defendants' pay practices violated the New York common law, in the form of conversion, with respect to the Plaintiff and Class Members;

(h) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice informing them that they would be paid at a tipped rate, within the requirements set forth under the NYLL and its applicable regulations, and/or whether such notice was provided in their primary language;

(i) Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(j) Whether Defendants' owner and/or manager participated in and/or unlawfully retained tips and gratuities from the tip pool due to the Plaintiff and Class Members;

(k) Whether Defendants' hosts participated in and/or unlawfully received tips and gratuities from the tip pool due to the Plaintiff and Class Members;

(l) Whether Defendants failed to timely pay or remit tips and gratuities and/or other wages to the Plaintiff and Class Members;

(m) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(n) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(o) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation, spread of hours compensation, retaining of tips and gratuities, and unlawfully deducting and/or retaining wages, tips and gratuities, was done willfully and/or with reckless disregard of the state wage and hour laws;

(p) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(q) Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiff and Class Members;

(r) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(s) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

75. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected and harmed

all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

76. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

77. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

78. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

79. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

80. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

81. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

82. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

83. Defendants' violations of the FLSA have been willful and intentional.

84. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

85. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

86. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

87. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

88. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

89. Defendants' violations of the NYLL have been willful and intentional.

90. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

91. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

92. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

93. Defendants' violations of the NYLL have been willful and intentional.

94. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)**

95. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

96. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

97. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

98. For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)**

99. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

100. Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

101. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities. However, Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and they have not been paid those tips and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities, in violation of NYLL § 196-d.

102. Defendants' violations of the NYLL have been willful and intentional.

103. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and

gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 193)

104. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

105. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

106. Based on the forgoing, Defendants engaged in multiple forms of unlawful deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, directly and/or by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

107. Thus, Defendants commonly made deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, solely for the benefit of the Defendants, without Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's authorization, and not for the benefit of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

108. Defendants' violations of the NYLL have been willful and intentional.

109. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## SEVENTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

110. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

111. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities – a form of wages – and compensation through an hourly rate of pay.

112. However, Defendants retained and/or failed to remit a portion of those tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, thereby withholding their compensation in the form of earned wages, tips, gratuities and/or money due and owing to them.

113. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

114. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**EIGHTH CLAIM FOR RELIEF**
**(CONVERSION)**

115. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

116. Based on the forgoing, Defendants engaged in multiple forms of unlawful conversion of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property, including, but not limited to, retaining and/or failing to remit earned wages, tips, gratuities and/or money due to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action.

117. Defendants engaged in this conduct and have retained and/or failed to remit to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action their earned wages, tips, gratuities and/or money without Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's authorization and without their consent.

118. Based on the foregoing, Defendants' conduct – including, not limited to retaining and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money – amounts to nothing less than blatant theft of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money.

119. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's personal property, in the form of earned wages, tips, gratuities and/or money, that belonged to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and that did not belong to Defendants, and interfered with Plaintiff's, Class

Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights of possession.

120. Based on the foregoing, Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property in the form of earned wages, tips, gratuities and/or money, and by permanently impeding Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action from using their earned wages, tips, gratuities and/or money, which they has the exclusive rights to use.

121. As a result of Defendants' unlawful conduct, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to all damages, the value of all property, earned wages, tips, gratuities and/or money converted to Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

122. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## NINTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

123. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

124. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

125. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## TENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

126. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

127. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, their correct amount of regular and overtime hours worked, their spread of hours compensation, and their correct amount of tips and gratuities received, gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

128. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## ELEVENTH CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – RETALIATION)
## (ON BEHALF OF PLAINTIFF ONLY)

129. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

130. Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee" has engaged in protected activity under the statute.

131. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff was an employee within the meaning of the FLSA.

132. As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, constituting protected activity under the FLSA, Defendants retaliated by terminating her employment.

133. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which she is entitled to an award of monetary damages and other relief.

134. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

135. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

## TWELFTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – RETALIATION)
## (ON BEHALF OF PLAINTIFF ONLY)

136. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

137. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

138. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

139. As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, constituting protected activity under the NYLL, Defendants retaliated by terminating her employment.

140. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which she is entitled to an award of monetary damages and other relief.

141. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

142. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

143. At or before the filing of this Complaint, Plaintiff has served notice of this action upon the Office of the New York State Attorney General.

**THIRTEENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION UNDER NYLL § 740)**
**(ON BEHALF OF PLAINTIFF ONLY)**

144. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

145. Section 740 of the New York Labor Law prohibits an employer from taking "any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety; (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such activity, policy or practice by such employer; or (c) objects to, or refuses to participate in any such activity, policy or practice."

146. At all times relevant, Plaintiff was an employee of Defendants within the meaning of NYLL § 740(1)(a).

147. At all times relevant, Defendants were an employer within the meaning of NYLL § 740(1)(b) and Defendants employed "one or more employees."

148. As described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices that she reasonably believed violated applicable laws, rules and regulations, constituting protected activity under the NYLL § 740, Defendants retaliated by terminating her employment.

149. Thus, Defendants terminated Plaintiff's employment because she disclosed to two supervisors – one of which was an owner of the restaurant – an activity, policy or practice of the employer that the employee reasonably believes is in violation of various laws, rules and/or regulations, and because she objected to or refused to participate in any such unlawful activity, policy or practice, in violation of NYLL § 740.

150. Plaintiff engaging in multiple instances of protected activity was a substantial motivating reason for Defendants' discharge of Plaintiff.

151. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of NYLL § 740, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which she is entitled to an award of monetary damages and other relief.

152. Furthermore, Plaintiff is entitled to an additional civil penalty in an amount up to $10,000.00, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL § 740's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

## DEMAND FOR JURY TRIAL

153. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and NYLL § 740, and under New York common Law;

iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Awarding unpaid wages, including overtime wages, minimum wages, unpaid or retained tips and gratuities, spread of hours wages, unlawfully deducted wages, tips and/or gratuities from earned wages, and any other forms of compensation, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

vii. Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii. Awarding damages relating to the unlawful violation of the New York common law with respect to unjust enrichment and conversion;

ix. Awarding all damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits that Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, out of pocket costs and expenses, and liquidated damages;

x. Awarding an additional civil penalty in an amount up to $10,000.00 under NYLL § 740;

xi. Awarding punitive damages as permitted by law;

xii. Awarding pre- and post-judgment interest as permitted by law;

xiii. Awarding attorneys' fees incurred in prosecuting this action;

xiv. Awarding all costs and expenses incurred in prosecuting this action; and

xv. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
September 24, 2025

ROMERO LAW GROUP PLLC
*Attorneys and Co-Counsel for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: ______________________________
DAVID D. BARNHORN, ESQ.

Dated: New York, New York
September 24, 2025

SHEHAN LEGAL, PLLC
*Attorney and Co-Counsel for Plaintiff*
845 Third Avenue, Sixth Floor
New York, New York 10022
Telephone: (917) 740-7805

By: ______________________________
KEVIN SHEHAN, ESQ.